HERRICK

**Barry Werbin**
Counsel
Phone: +1 (212) 592-1418
**bwerbin@herrick.com**

September 8, 2026

***VIA ECF***

Hon. Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Long Island Spirits, Inc. v. LIV Golf Incorporated, et al.*, No. 2:26-cv-01710-JMA-JMW
Request for Pre-Motion Conference on Motion to Stay Pending LIV Golf's Bankruptcy

Dear Judge Azrack:

We represent defendants LIV Golf Incorporated ("LIV Golf"), Christopher Heck and Katherine O'Reilly (the "Individual Defendants"), and Treasury Wine Estates Americas Company ("Treasury Wine") and DAOU Vineyards, LLC ("DAOU") in the above-captioned action. Pursuant to Your Honor's Individual Rules, we respectfully request a pre-motion conference for a motion by defendants to stay this action in its entirety pending resolution of LIV Golf's Chapter 11 bankruptcy proceeding, which was filed this afternoon. We further respectfully request that all current deadlines, including the Individual Defendants' September 11, 2026 motion-to-dismiss deadline and the September 21, 2026 discovery response deadlines, be held in abeyance while that request is considered.

This afternoon, LIV Golf and its affiliates filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey under the caption *In re: LIV Golf New Jersey LLC, et al*, Chapter 11, Case No. 26-20189. Defendants have just filed in this action a Suggestion of Bankruptcy and Notice of the Automatic Stay respecting the bankruptcy filing and the resulting automatic stay under 11 U.S.C. § 362 (ECF No. 57).

Although the automatic stay applies directly only to LIV Golf, *see Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003), this Court retains the equitable authority to stay the remainder of the action where doing so promotes fairness, judicial economy, and the orderly administration of the bankruptcy process. *See Cashman v. Montefiore Med. Ctr.*, 191 B.R. 558, 561 n.2 (S.D.N.Y. 1996) (noting court's equitable power to grant a stay pending bankruptcy "if that would be in the interests of justice and efficiency").

A discretionary stay is warranted here because LIV Golf is the central defendant and the claims against the remaining defendants are inseparable from the claims against it. The trademarks at issue belong to, or were used or licensed for use by, LIV Golf, and the claims against Treasury

Wine and DAOU arise entirely from their authorized use of those marks pursuant to their global sponsorship and licensing agreement with LIV Golf. Resolution of those claims necessarily requires determination of LIV Golf's rights in the marks.

Similarly, the claims against the Individual Defendants concern actions allegedly taken by them solely in their capacities as LIV Golf officers with respect to the marks. Courts routinely stay actions in these circumstances, where claims against non-debtor defendants are "inextricably intertwined" with claims against the debtor and proceeding separately would create duplicative litigation and risk inconsistent results. *See Hatteras Enters. Inc. v. Forsythe Cosm. Grp., Ltd.*, No. 15-CV-5887 (JMW), 2024 WL 4694010, at *1 (E.D.N.Y. Nov. 6, 2024) (exercising discretionary authority to stay litigation against non-debtors where the claims shared a common factual nexus with claims against the debtor and resolution of those claims implicated the debtor's interests).

Allowing the case to proceed against the non-debtor defendants would also substantially prejudice those parties and needlessly burden the Court. Treasury Wine and DAOU would be forced to litigate issues concerning the scope and validity of LIV Golf's sponsorship and license agreement, including the use of LIV Golf's marks, while LIV Golf itself cannot participate further in the litigation. The Individual Defendants likewise would be required to defend claims in their corporate capacities that are inextricably tied to LIV Golf's conduct, decision-making, and company business records, without the benefit of their employer's involvement in the case. Requiring motion practice and discovery to proceed now risks duplicative proceedings, inconsistent rulings, and inefficient use of judicial resources.

By contrast, a stay would impose little prejudice on plaintiff. Plaintiff's request for preliminary injunctive relief has already been addressed in Magistrate Judge James M. Wicks' Report and Recommendation recommending denial of the motion, and the parties' respective objections to that Report and Recommendation have been fully submitted to Your Honor for *de novo* review. Any claim of ongoing harm is further diminished by the suspension of LIV Golf's operations during the pendency of the bankruptcy proceeding, with the 2026 golf tournament season also having come to an end. Moreover, defendants seek only a limited stay subject to periodic review as the bankruptcy proceeding develops. Plaintiff is also free to seek stay relief from the Bankruptcy Court.

In light of the imminent discovery and motion deadlines, defendants respectfully request (i) a pre-motion conference at the Court's earliest convenience, and (ii) that all case deadlines be held in abeyance pending resolution of this stay request.

Respectfully submitted,

Barry Werbin

cc: All counsel of record (via ECF)